UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN F. HUGHES     Plaintiff <br><br> v. <br><br> BAYSTATE FINANCIAL SERVICES, LLC., <br> IAFF FINANCIAL CORPORATION, <br> DAVID C. PORTER <br><br>     Defendants | Civil No.1:23-CV-10361-AK |

## PLAINTIFF'S MOTION TO STRIKE RESPONSE OF DEFENDANTS, BAYSTATE FINANCIAL SERVICES, LLC AND DAVID C. PORTER, TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE DEIN'S MARCH 5, 2024 REPORT AND RECOMMENDATION

Now comes Plaintiff, **JOHN F. HUGHES**, by and through undersigned counsel, and moves to strike the Response of Defendants, Baystate Financial Services, LLC. and David C. Porter, to Plaintiff's Objections to Magistrate Judge Dein's March 5, 2024 Report and Recommendation ("Response"). In support of this motion, Plaintiff would respectfully submit the following:

### INTRODUCTION

On March 5, 2024, Magistrate Judge Dein issued her subject Report and Recommendation (R&R). The R&R addressed two issues: (1) the IAFF-FC's Motion to Dismiss filed in May, 2023 and (2) the Plaintiff's Motion to Amend Complaint filed in June, 2023. In the R&R, the Magistrate Judge recommended that the IAFF-FC's Motion to Dismiss be allowed and that Plaintiff's Motion to Amend Complaint be allowed in part and denied in part. The R&R did not address Plaintiff's claims against Defendants Baystate Financial Services, LLC. and David

Porter (collectively the "Baystate Defendants") as the Baystate Defendants had not moved to dismiss, electing instead to file an answer and counterclaims.

At a conference held before this Court on March 12, 2024, the Court ordered that all objections to the Magistrate Judge's R&R be filed by March 19, 2024 and all responses thereto by March 26, 2024. Plaintiff and the IAFF-FC timely filed objections on March 19. The Baystate Defendants did not.

On March 26, 2024, the Baystate Defendants filed the Response. Although this Response was purportedly filed in support of the IAFF-FC's objections, the Baystate Defendants spent the majority of the Response urging--for the first time--dismissal of the claims against the Baystate Defendants, claims that were not in any way addressed by the Magistrate Judge in the R&R. In support of their improper request for dismissal, the Baystate Defendants misrepresent and mischaracterize Plaintiff's deposition testimony—testimony that was designated as confidential and that was likewise not presented to the Magistrate Judge[1]—in a seeming attempt to obtain summary judgment. In sum the Response is not a response to the R&R at all, but rather a half-baked attempt to seek summary judgment before the close of discovery[2] and in violation of the provisions of L.R. 56.1[3]. Accordingly, Plaintiff respectfully requests that the Response be stricken.

---

[1] The Baystate Response included page and line references to Plaintiff's deposition testimony, but none of the actual testimony was included in or attached to the Baystate Response.

[2] As noted at the conference on March 12, 2024, discovery is currently stayed by agreement of the parties pending the filing of Plaintiff's Amended Complaint.

[3] It likewise appears that the Response was timed in order to attempt to deny Plaintiff an opportunity to respond as the scheduling order does not allow for replies to responses.

2

## ARGUMENT

**A. The Baystate Defendants Did Not Object to the Magistrate Judge's Report and Recommendation.**

The relevant section of the Federal Magistrates Act states that:

Within fourteen days after being served with a copy [of the proposed findings and recommendations of the United States Magistrate Judge], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1). "Absent objection ... [a] district court has a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S. Ct. 571, 88 L.Ed.2d 556 (1985). To that effect, "only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal." *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *M. v. Falmouth School Department*, 847 F. 3d 19 (1st Cir. 2017).

The Baystate Defendants did not file objections to the Magistrate Judge's R&R in the allotted fourteen-day period. Their arguments, such as they are, have been waived and may not be appropriately considered at this time.

**B. The Baystate Defendants Failed to Raise their Arguments Before the Magistrate Judge.**

Even if the Baystate Defendants had timely objected to the R&R, which they plainly did not, their arguments would be barred as they failed to raise the same before the Magistrate Judge. It has been consistently held that a litigant cannot introduce new arguments for the first time during the district court's review of the recommended ruling. *Robb Evans & Associates, LLC v.*

*United States*, 850 F. 3d 24 (1st Cir. 2017); *Perez v. Lorraine Enters., Inc*., 769 F. 3d 23, 32 (1ˢᵗ Cir. 2014); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co*., 840 F. 2d 985, 990 (1ˢᵗ Cir. 1988). Since the Baystate Defendants have not previously raised **any** of the arguments set forth in the Response before the Magistrate Judge, these arguments should not be considered now.

### C. Baystate's Use of Deposition Testimony is Improper

As noted above, the Response includes misleading references to and purported summaries of Plaintiff' deposition testimony. This is highly improper. First, this testimony was designated as confidential. As opposed to making any attempt to file this testimony under seal and redacting the testimony from the public filing, the Baystate Defendants cited this testimony, albeit inaccurately and misleadingly, in the body of the Response. Second, even if the Baystate Defendants had moved to dismiss, which they did not, in considering a motion under Rule 12(b)(6) a court's review is confined to the four corners of the Complaint. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Despite this, the Baystate Defendants selectively and inaccurately cite the testimony of both Plaintiff and Baystate partner Greg Meahl. This is all in addition to the fact that the Baystate Defendants made no effort to present this testimony to the Magistrate Judge whose R&R this Court is now considering.

### **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court strike the Baystate Defendants' Response as improper.

JOHN F. HUGHES

By his attorneys

/s/RICHARD B. REILING
RICHARD B. REILING, ESQ.
BBO # 629203
BOTTONE | REILING
63 Atlantic Ave., 3rd Floor
Boston, MA 02110
Phone:      (617) 412-4291
Facsimile:  (617) 412-4406
richard@bottonereiling.com

And


/s/DAVID PASTOR
DAVID PASTOR, ESQ.
BBO # 391000
PASTOR LAW OFFICE, PC
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
dpastor@pastorlawoffice.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Plaintiff made a good faith effort to confer with Defendants' counsel in an attempt to resolve or narrow the issues raised by this Motion, including contacting Defendants' counsel by email and stating their availability for a telephone conference.  No response was received from Defendants' counsel.  As a result, the parties have been unable to attempt to resolve or narrow the issues raised by this motion.

/s/DAVID PASTOR
DAVID PASTOR, ESQ.
BBO # 391000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon counsel for Defendants Baystate Financial Services, LLC and David C. Porter, Thomas N. O'Connor, Esq., One Marina Drive, 16th FL, Boston, MA 02110, counsel for Defendant IAFF Financial Corporation, William H. Kettlewell, Esq., Sara E. Silva, Esq., 10 High Street, Suite 505 Boston, MA 02110 by E-Mail this 3rd day of April, 2024.

/s/RICHARD B. REILING
RICHARD B. REILING, ESQ.
